UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANDREA DAVIS as the
Personal Representative of the
Estate of Raymond Bender,

    Plaintiff,

    v.

GRANT PARK NURSING
HOME, LP *et al.*,

    Defendants.

Civil Action No.: 1:08-CV-01764 (PLF/JMF)

## MEMORANDUM OPINION

This case has been referred to me by Judge Friedman for the purpose of handling discovery disputes. Currently pending before me are <u>Plaintiff's Motion for Sanctions for Destruction of Electronic Communications by Defendants Coastal Administrative Services, LLC, Grant Park Nursing Home LP, and Shoreline Healthcare Management, LLC</u> [#76][1] and <u>Plaintiff's Supplemental Motion for Sanctions for Destruction of Electronic Communications by Defendants Coastal Administrative Services, LLC, Grant Park Nursing Home, LP and Shoreline Healthcare Management, LLC</u> [#89]. Upon reviewing the record and briefing before me at this time, I have decided, *sua sponte*, to strike the plaintiff's motion for sanctions without prejudice, and to require supplemental briefing at the conclusion of the limited discovery permitted by Judge Friedman.

Since plaintiff first moved for sanctions, I have made various rulings that have permitted discovery to proceed. The one loose end is for Grant Park to comply with my most recent order

---

[1] Docket numbers refer to filings in the lead case, 1:08-cv-01764 (PLF/JMF). Parties are reminded that case 1:09-cv-02188-PLF has not been referred to Judge Facciola.

pertaining to certain documents (including electronically stored information) that are claimed to be privileged. Order of October 25, 2010 [#92].

Assessing whether sanctions are warranted for the loss of otherwise discoverable information is a function of whether a party has been prejudiced by that loss. D'Onofrio v. SFX Sports Group, Inc., 06-cv-687, 2010 WL 3324964 at *11 (D.D.C. Aug. 24, 2010) ("It is only after establishing the prejudice the plaintiff suffered that any resulting sanction will fairly address that prejudice, consistent with this Circuit's insistence that any sanction imposed be a function of the prejudice done to a party by its offending opponent.") (citing Bonds v. District of Columbia, 93 F.3d 801, 808 (D.C. Cir. 1996)). Prejudice to a party can only be examined by looking at all the information that is available, for only in that context can the nature and extent of the loss suffered be accurately gauged. See Rimkus Consulting Group, Inc. v.Cammarata, 688 F. Supp. 2d 598, 644-45 (S.D. Tex. 2010). Accordingly, it is premature to consider the question of sanctions until discovery ends and the Court can assess accurately what prejudice, if any, the loss of the electronically stored information has caused. I will therefore strike the plaintiff's motion for sanctions without prejudice.

The importance of plaintiff's establishing prejudice bears on the showing I expect the parties to make. If plaintiff decides to renew her motion for sanctions after discovery ends, I expect her submission to show as clearly as possible the nature of the prejudice done to her by the loss of the electronically stored information. I will, of course, also expect the defendants to make a similarly precise showing in opposition. References to the record yielded by discovery are obviously crucial.

I will impose on plaintiff's counsel the task of advising opposing counsel of her intention

to file a renewed motion for sanctions once discovery has ended.  If plaintiff's counsel so indicates, both counsel shall meet and confer by telephone and propose for my consideration a schedule for briefing of the motion to be filed.

A separate Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE